**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VIJAY KUMAR,** | : | **No. 3:26cv2552** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE, Warden, Pike County Correctional Facility,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

On September 4, 2026, the Clerk of Court docketed Vijay Kumar's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Kumar is an immigration detainee in the custody of Immigration and Customs Enforcement ("ICE") at Pike County Correctional Facility ("Pike CCF").

This is Kumar's third Section 2241 petition. In January 2026, he filed a petition for writ of habeas corpus in the Eastern District of Pennsylvania. Kumar v. Rose, No. 2:26cv155, (Doc. 1). That petition was granted by the Honorable Joel M. Slomsky on January 26, 2026, and he ordered that a bond hearing be conducted pursuant to 8 U.S.C. § 1226(a). Id., (Doc. 4). In Kumar's case, an immigration judge denied bond. Petitioner then filed a motion to enforce the writ. Id., (Doc. 9). Judge Slomsky considered the petitioner's argument, observed that petitioner received a bond hearing on February 9, 2026, and denied the

petitioner's motion. Id., (Doc. 11). In doing so, Judge Slomsky determined that the transcript of petitioner's bond hearing demonstrated that the proceeding comported with the minimum due process requirements. Id.

On July 23, 2026, Kumar filed a second Section 2241 petition in the Middle District of Pennsylvania. Kumar v. Lowe, No. 3:26cv2059, (Doc. 1). Kumar challenged the outcome of that bond hearing. Id. at ECF p. 7. Petitioner argued that the IJ denied bond after determining that the petitioner was a flight risk despite evidence that the petitioner attended all ICE check-ins and lacked any criminal record. Id. The allegations in that petition also asserted that his continued detention has become unreasonably prolonged and violates his due process rights.

Based on the hearing already afforded to him, the court determined that Kumar was precluded from asserting the claims found within that petition. There is no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018). The court is also precluded under federal law from directly reviewing an immigration judge's bond decision.[1]

[1] The court may review whether a bond hearing itself was "fundamentally unfair." Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (citing Sylvain v. Att'y Gen., 714 F.3d 150, 155 (3rd Cir. 2013)); see also Quinteros v.

Id. at 279; see also 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Consequently, Kumar's petition was denied after preliminary review. Kumar v. Lowe, No. 3:26cv2059, (Doc. 4).

Kumar's instant petition fares no better. At present, he advances another due process challenge to the duration of his detention, which is now approximately nine months in length. (Doc. 1 at ECF p. 7). As it stands, detention under 8 U.S.C. §1226(a) "might become unreasonably prolonged, whether by virtue of government delay or some other cause." Borbot, 906 F.3d at 280. But more than two years of detention was insufficient in Borbot, where the petitioner did not challenge the adequacy of his initial bond hearing or allege unreasonable delay by the government. Id. at 275–76, 280. And so, Kumar's current allegations do not establish a sufficient basis for the court to hear his Section 2241 petition.[2]

---

Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 77 (3d Cir. 2019) (citing Sylvain, 714 F.3d at 155) ("Though [courts] may not review discretionary decisionmaking involved in denial of a bond, [they] retain the power to review the legal standard underlying immigration officials' actions and to evaluate legal and constitutional claims on that basis."). Even then, Judge Slomsky previously determined that Kumar's bond hearing satisfied due process.

[2] In this matter, the court will again apply the rules governing petitions for habeas corpus filed under 28 U.S.C. § 2254. 28 U.S.C. § 2254 app. Rule 1(b). In doing so, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

Kumar has also done little to distinguish his current petition from the first petition he filed in this district. By law, a Section 2241 petition is not subject to the gatekeeping mechanisms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), including bars on second or successive petitions. Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 441 (3d Cir. 2021) (citation omitted); see also 28 U.S.C. §§ 2244(b), 2255(h). However, a Section 2241 habeas petition is still subject to the abuse of the writ doctrine. Anariba, 17 F. 4th at 442.

The abuse of the writ doctrine is "a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." McCleskey v. Zant, 499 U.S. 467, 489 (1991). Under that doctrine, prior adjudications bear "vital relevance" in the court's discretion to determining whether to consider a petition for writ of habeas corpus. Id. at 482 (discussing Wong Doo v. United States, 265 U.S. 239 (1924)). That is, "abuse-of-the-writ principles limit a habeas applicant's ability to file repetitive petitions." Banister v. Davis, 590 U.S. 504, 514 (2020) (quoting McCleskey, 499 U.S. at 483) (citation modified). Application of the abuse of the writ doctrine should also

---

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id., Rule 4.

"be expected to yield a resolution in harmony with AEDPA." Anariba, 17 F.4th at 441 (quoting Zayas v. I.N.S., 311 F.3d 247, 257 (3d Cir. 2002)).

On the face of Kumar's current petition, there are no allegations amounting to a change in circumstances from the petition filed approximately six weeks ago. It presents repetitious claims, which also warrants denial under the abuse of the writ doctrine.

Consequently, it is hereby **ORDERED** that:

1) Vijay Kumar's petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and

2) The Clerk of Court is directed to close this case.

**Date: 09/09/2026**

**BY THE COURT:**

***s/ Julia K. Munley***
**JUDGE JULIA K. MUNLEY**
**United States District Court**